# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WILLIAM RAYLANTE HOLMES,

    Plaintiff,

                                            Case No. 25-cv-12280

v.

                                            Hon. Jonathan J.C. Grey

STATE OF MICHIGAN, *et al.*,

    Defendants.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING AND CLOSING ACTION

On July 25, 2025, pro se Plaintiff William Raylante Holmes filed a civil rights complaint, challenging his continued classification as a Tier III sex offender under Michigan's Sex Offenders Registration Act (SORA). (ECF No. 1.) He asserts that: (1) he was deprived of constitutionally protected liberty interests without due process and (2) continued enforcement of SORA against him constitutes a violation of substantive due process and the Eighth Amendment. (*Id.*)

On September 2, 2025, the Court dismissed Holmes' substantive due process and Eighth Amendment claims, leaving only the procedural due process claim in action. (ECF No. 5.) The Court ordered Holmes to

show cause as to why his procedural due process claim should not be dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine. (ECF Nos. 5, 9.) On October 8, 2025, Holmes responded to the Court's order to show cause. (ECF No. 10.)

For the reasons stated below, the Court **DISMISSES** Holmes' procedural due process claim.

**I. BACKGROUND**

In 2016, when Holmes was 20 years old, he was charged in Wayne County Circuit Court with one count of criminal sexual conduct in the second degree for conduct that allegedly occurred when he was 15 years old. (ECF No. 1, PageID.2.) Holmes subsequently entered into a plea agreement and was sentenced to five years probation, with one year to be served in county jail. (*Id.*) Holmes contends that, as part of his plea, he was advised by counsel and court officials that he would be sentenced under Michigan's Holmes Youthful Trainee Act (HYTA), which would allow his record to be sealed upon successful completion of probation. (*Id.*)

Following completion of probation in 2021, Holmes received a discharge order from the court, which included a checked box indicating that he had been granted HYTA status. (*Id.*) Believing that his record

was sealed and that he was no longer required to register, Holmes ceased SORA compliance. (*Id.*)

In 2025, the state trial court issued an amended discharge order stating that Holmes had never been granted HYTA status, and that the prior indication was the result of a clerical error. (*Id.*) Holmes was then deemed non-compliant with SORA and reclassified as a Tier III lifetime registrant. (*Id.*)

Holmes subsequently filed three motions for relief from judgment in the Third Judicial Circuit Court of Wayne County. All three motions were denied.

## II. LEGAL STANDARD

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district

court must follow when faced with a civil action filed by a non-prisoner proceeding in forma pauperis:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 F. App'x 356, 357 (6th Cir. Jun. 26, 2008). Federal courts hold a pro se complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Pro se litigants are not, however, excused from failing to follow basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

### III. ANALYSIS

#### A. Procedural Due Process

The *Rooker-Feldman* doctrine bars federal district courts from reviewing state court judgments. *Exxon Mobil Corp. v. Saudi Basic*

4

*Indus. Corp.*, 544 U.S. 280, 284 (2005). In *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983), the Supreme Court held that federal district courts "do not have jurisdiction ... over challenges to state court decisions … even if those challenges allege that the state court's action was unconstitutional." Under *Rooker-Feldman*, a federal claim is barred when it would effectively reverse or undermine the state judgment. *Pieper v. Am. Arbitration Ass'n*, 336 F.3d 458, 460 (6th Cir. 2003).

Holmes previously filed three motions for relief from judgment in state court. Each motion challenged his classification under SORA, and all three motions were denied. In his third motion, Holmes argued that the unilateral amendment to his discharge order, which removed the HYTA designation, was done without notice and an opportunity to be heard, violating procedural due process. (ECF No. 1, PageID.32–33.) In its third denial, the state court emphasized that Holmes' argument relied entirely on a clerical error regarding HYTA eligibility. (ECF No. 10, PageID.113.) The court stated that "[Holmes] was never on HYTA status. There [was] no mention of HYTA in [Holmes'] court transcripts, in his plea agreement, or on any of his sentencing documents." (*Id.*) As to Holmes' due process argument, the court stated that it "has authority to

5

correct clerical mistakes on its own initiative at any time." (*Id.*) The motion was denied under Michigan Court Rule 6.502(G) as lacking merit and duplicative of the two earlier motions. (*Id.*)

Holmes now asks this Court to revisit the *same* alleged due process violation that was already heard and rejected by the state judiciary. Under *Rooker-Feldman*, this Court lacks jurisdiction to consider this claim, as granting the requested relief would effectively reverse or void what has already been decided in Holme's case: that he was never on HYTA and that the state court is authorized to correct clerical mistakes on its own initiative at any time. Any challenge to the state court's determination or to Holmes' SORA status, for example filing a petition under MCL § 28.728c, would be appropriately handled in Michigan state court, *not federal court*. Thus, the Court **DISMISSES** Holmes' procedural due process claim.

### B. Amendment to the Complaint

Holmes requests leave to amend his complaint to include equal protection and ex post facto claims. In support of his equal protection claim, he states, "[o]ther similarly situated HYTA graduates have been removed from the registry, while Plaintiff remains listed without rational

6

basis—an Equal Protection violation." (EFC No 10, PageID.96.) In support of his ex post facto claim, he states:

> **The 2020 SORA Amendments Created a New Legal Landscape and a New Injury** Michigan's **Public Act 295 of 2020** substantially revised SORA to correct constitutional defects identified in *Does v. Snyder (Does II)* and *People v. Betts*. [One of] [t]he amendments … **[r]ecognized that individuals discharged under HYTA may be removed from registration** … Applying lifetime registration for conduct between 2011 and 2014 under a law substantially amended in 2020 constitutes a retroactive punishment forbidden by the Ex Post Facto Clause.

(EFC No 10, PageID.95–96.) To the extent Holmes' proposed equal protection and ex post facto claims are premised on him receiving HYTA status, both claims would also be barred by *Rooker-Feldman*. The state court has clearly held that Holmes was *never on HYTA*. The relief sought through these claims would undermine that decision. Thus, the Court **DENIES** leave to amend the complaint to the extent that the proposed equal protection, ex post facto, or any other claims rely on Holmes' alleged receipt of HYTA.

## IV. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** Holmes' cause of action is **DISMISSED** for lack of jurisdiction under the *Rooker-Feldman* doctrine and shall be designated as **CLOSED** on the docket.

7

**IT IS FURTHER ORDERED** that Bloom's request for leave to amend the complaint is **DENIED** to the extent that any proposed claims rely on Holmes' alleged receipt of HYTA.

**IT IS FURTHER ORDERED** that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B). Any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610–611.

**SO ORDERED**.

Date: December 18, 2025

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2025.

**s/ S. Osorio**
Sandra Osorio
Case Manager
