**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIAM RAYLANTE HOLMES,

Plaintiff,

Case No. 25-cv-12280

v.

Hon. Jonathan J.C. Grey

STATE OF MICHIGAN, *et al.*,

Defendants.
_______________________________/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 13)**

On July 25, 2025, pro se Plaintiff William Raylante Holmes filed a 42 U.S.C. § 1983 civil rights action, challenging his continued classification as a Tier III sex offender under Michigan's Sex Offenders Registration Act (SORA). (ECF No. 1.) He asserts that: (1) he was deprived of constitutionally protected liberty interests without due process, and (2) continued enforcement of SORA against him constitutes a violation of substantive due process and the Eighth Amendment. (*Id.*) Along with his complaint, Holmes filed an application to proceed in forma pauperis. (ECF No. 2.)

On September 2, 2025, the Court dismissed Holmes' substantive due process and Eighth Amendment claims pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF No. 5.) On December 18, 2025, the Court dismissed Holmes' remaining procedural due process claim under the *Rooker-Feldman* doctrine. (ECF No. 11.) On January 5, 2026, pursuant to Local Rule 7.1(h), Holmes filed the instant motion for reconsideration of the Court's December 18, 2025 Order. (ECF No. 13.) For the reasons stated below, the Court **DENIES** Holmes' motion.

## I. BACKGROUND

In 2016, when Holmes was 20 years old, he was charged in the Wayne County Circuit Court with one count of criminal sexual conduct in the second degree for conduct that occurred when he was 15 years old. (ECF No. 1, PageID.2.) Holmes entered into a plea agreement and was sentenced to five years probation, with one year to be served in county jail. (*Id.*) Holmes contends that, as part of his plea, he was advised by counsel and court officials that he would be sentenced under Michigan's Holmes Youthful Trainee Act (HYTA), which would allow his record to be sealed upon successful completion of probation. (*Id.*)

Following completion of probation in 2021, Holmes received a discharge order from the court, which included a checked box indicating that he had been granted HYTA status. (*Id.*) Believing that his record was sealed and that he was no longer required to register, Holmes ceased SORA compliance. (*Id.*)

In 2025, the state trial court issued an amended discharge order stating that Holmes was never granted HYTA status, and that the prior indication was the result of a clerical error. (*Id.*) Holmes was then deemed non-compliant with SORA and reclassified as a Tier III lifetime registrant. (*Id.*)

Holmes subsequently filed three motions for relief from judgment in the Third Judicial Circuit Court of Wayne County. All three motions were denied.

## II. LEGAL STANDARD

Eastern District of Michigan Local Rule 7.1(h) provides, in relevant part:

(h) Motions for Rehearing or Reconsideration.

* * * * *

> (2) Non-Final Orders. Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

To succeed on a motion for reconsideration, the movant "must show that the Court made a mistake based on the record before it, and rectifying the mistake would change the outcome." *Dassault Systèmes, SA v. Childress*, 828 F. App'x 229, 236–237 (6th Cir. 2020) (citation and internal quotation marks omitted). Moreover, "[a] motion for reconsideration is not intended as a means" for a party "to rehash rejected arguments or to introduce new arguments." *Saltmarshall v. VHS Children's Hosp. of Michigan, Inc.*, 402 F. Supp. 3d 389, 393 (E.D. Mich. 2019).

## III. ANALYSIS

As an initial matter, Holmes' motion for reconsideration is untimely, as it was filed outside of the 14-day window permitted by Rule 7.1(h). "A district court is without power to enlarge the time for making motions for reconsideration of their orders." *Michigan Dep't of Corr.*, No. 4:22-CV-13053, 2024 WL 5712115, at *1 (E.D. Mich. May 7, 2024) (citing *Denley v. Shearson/American Express, Inc.*, 733 F. 2d 39, 41 (6th Cir. 1984). "Nonetheless, the Court will continue its analysis to demonstrate that [Holmes'] motion fails even if it [were] timely." *United States v. Kilpatrick*, No. 10-20403, 2019 WL 2208347, at *2 n.5 (E.D. Mich. May 22, 2019).

As a basis for reconsideration, Holmes asserts the following:

> [T]he Court's [December 18, 2025] ruling misapprehends the nature of Plaintiff's federal claim and misapplies the *Rooker-Feldman* doctrine. Plaintiff does not seek appellate review of his 2016 conviction, his sentencing, or any state court judgment regarding his HYTA eligibility. Instead, Plaintiff challenges the State of Michigan's March 14, 2025 unilateral revocation of a documented liberty interest—an official discharge order stating he completed HYTA probation— without affording him notice or an opportunity to be heard.

(ECF No. 13, PageID.141–142.)

Elaborating, Holmes submits that "the State of Michigan issued [him] an official discharge order on October 7, 2021, stating that he 'completed Holmes Youthful Trainee Act probation.'" (*Id.*, PageID.143.) Then, "[o]n March 14, 2025—years after the 2016 conviction and sentencing—the state unilaterally amended that discharge order and simultaneously denied [his] petition for removal from the sex offender registry. [He] received no advance notice. No hearing was held. No findings of fact were entered. The State simply struck the HYTA reference and labeled it a 'clerical correction.'" (*Id.*, PageID.144.) Holmes thus asserts that (1): the "March 2025 action is the source of [his] injury," not the "2016 judgment," and (2) "[c]hallenging that 2025 deprivation does not require this Court to 'reverse or disturb' the 2016 conviction or sentencing order—it requires this Court only to determine whether the State may revoke a documented liberty interest without affording procedural due process." (*Id.*)

Holmes' motion rehashes arguments that this Court already rejected. *Saltmarshall*, 402 F. Supp. 3d at 393. "The *Rooker–Feldman* doctrine bars district courts from hearing both challenges to state court judgments and claims that are 'inextricably intertwined' with state court

judgments." *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) (citation omitted). A federal claim is "inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Hutcherson v. Lauderdale Cnty., Tennessee*, 326 F.3d 747, 756 (6th Cir. 2003) (citations omitted).

Federal district courts "do not have jurisdiction … over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486, (1983). This doctrine applies to federal suits seeking review and rejection of state-court judgments, "regardless of whether those judgments are final trial-court judgments or those of a State's highest court." *T. M. v. Univ. of Maryland Med. Sys. Corp.*, 146 S. Ct. 1739, 1752 (2026). Thus, "[a] party raising a challenge to a state court judgment or decision must do so through the state appellate system and then directly to the United States Supreme Court." *Lamm v. Hall*, No. 5:22 CV 1961, 2023 WL 1782206, at *2 (N.D. Ohio Feb. 6, 2023) (citing *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995)).

Here, Holmes submits that "the unilateral amendment of his discharge order without notice or hearing and the continued public registration of his name" is the "source of [his] "injury." (ECF No. 13, PageID.144–145.) This "March 2025 action" was a *state court decision*, as reflected in the state court order titled "Order for Discharge from Probation" entered on March 14, 2025 and signed by Judge Margaret M. Van Houten. (ECF No. 8-3, PageID.86.) As explained in the December 18, 2025 Order, this Court does not have jurisdiction over challenges to state court decisions, "even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. The Court must abstain.

Second, Holmes already challenged this state court decision via three motions for relief from judgment, all filed in state court. In his third motion, Holmes specifically raised the instant procedural due process argument, asserting that "[t]he court cannot retroactively amend a discharge without notice, a hearing, or proper motion. The March 14, 2025 alteration is invalid, unconstitutional, and should be declared void ab initio." (ECF No. 1, PageID.33.) In its order denying Holmes' third motion, the state court held that:

> Defendant's entire argument relies on a typo. The original Order for Discharge from Probation incorrectly marked box 5 referencing HYTA. Defendant was **never** on HYTA status. There is no mention of HYTA in Defendant's court transcripts, in his plea agreement or on any of his sentencing documents. Defendant's motion lacks merit. As for amending the Order of Discharge, the court has authority to correct clerical mistakes on its own initiate at any time.

(*Id.*, PageID.37 (emphasis in original).)

"[T]he Court does not have jurisdiction to review or reverse orders issued in state court proceedings pursuant to the *Rooker-Feldman* doctrine." *Eborka v. Wilson*, No. CV 24-10361, 2024 WL 1049468, at *2 (E.D. Mich. Mar. 8, 2024) (citation omitted). *See also Hall, et al. v. Bush, et al.*, No. 1:20-CV-731, 2021 WL 3750164, at *2 (W.D. Mich. Aug. 25, 2021); *Brown v. Nelson*, No. 25-13120, 2025 WL 3499116, at *4 (E.D. Mich. Dec. 5, 2025), *reconsideration denied*, No. 25-13120, 2026 WL 116425 (E.D. Mich. Jan. 15, 2026). To grant the relief sought in Holmes' complaint, the Court would have to review and reverse the above state court decision, which *Rooker-Feldman* prohibits. *Ali-Bey v. Van Hoose*, No. CV 25-12059, 2025 WL 2845609, at *2 (E.D. Mich. Oct. 6, 2025).

Holmes' argument that *Rooker-Fieldman* is inapplicable because the "three Wayne County Circuit Court orders … explicitly declined to address the federal constitutional issues now before this Court" is

similarly unpersuasive. (ECF No. 13, PageID.144.) The state court, after analyzing Holmes' request, which included his due process argument, found that: (1) the motion "lack[ed] merit," and (2) it "has authority to correct clerical mistakes on its own initiate." (ECF No. 1, PageID.37.) The state court thus addressed the due process claim. Under *Rooker-Feldman*, this Court cannot now disturb the state court's decision. *See In re Squire*, No. 1:11-MC-053-GLF, 2012 WL 995300, at *4 (S.D. Ohio Mar. 22, 2012) (citations omitted) ("The *Rooker-Feldman* doctrine teaches that a federal district court cannot engage in appellate review of state judicial proceedings.").

The Court also denies Holmes' argument that, "[e]ven assuming *arguendo* that [his] claim touches upon a state court judgment, this Court retains jurisdiction under the *Ex parte Young* doctrine to enjoin ongoing violations of federal law." (ECF No. 13, PageID.148.) First, "[p]arties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before the court issued a judgment, and a motion to reconsider is '[n]ot an opportunity to re-argue a case.'" *Grier v. Goetz*, No. 3:79-3107, 2010 WL 11694460, at *2 (M.D. Tenn. July 19, 2010) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d

367, 374 (6th Cir. 1998)). This is a new argument and thus inappropriate for a motion to reconsider. Even so, the *Ex parte Young* doctrine has no bearing on the jurisdictional issue before the Court. The "*Ex parte Young* doctrine operates as an exception to the general rule of sovereign immunity that states may only be sued with their consent. Under *Ex parte Young,* suits against state officials seeking equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment." *Michigan Bell Tel. Co. v. Climax Tel. Co.*, 202 F.3d 862, 867 (6th Cir. 2000). The issue before the Court is whether the *Rooker-Fieldman* doctrine applies, not sovereign immunity.

Finally, Holmes' argues that the inapplicability of MCL § 28.728c to his underlying conviction "demonstrates a palpable defect in the Court's *Rooker-Feldman* analysis." (ECF No. 13, PageID.151.) Not so. The Court's prior order mentioned MCL § 28.728c merely as an example. (*See* ECF No. 11, PageID.135 (emphasis in original) ("Any challenge to the state court's determination or to Holmes' SORA status, for example filing a petition under MCL § 28.728c, would be appropriately handled in Michigan state court, *not federal court*.").) The conclusion remains: any challenge to the state court's March 2025 determination should be

handled in Michigan state court, not federal court. *Lamm*, 2023 WL 1782206, at *2.

## IV. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** Holmes' motion for reconsideration is **DENIED**.

**SO ORDERED**.

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Date: August 17, 2026

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 17, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager